UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICK ALLEN BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02207-JPH-MJD |
| | ) | |
| WEXFORD OF INDIANA LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Motion to Appoint Counsel**

Plaintiff Rick Black's motion for appointment of counsel, dkt. [7], has been considered. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. The Seventh Circuit has specifically declined to find a

presumptive right to counsel in some categories of cases. *McCaa v. Hamilton*, 893 F.3d 1027, 1037 (7th Cir. 2018) (Hamilton, J., concurring); *Walker*, 900 F.3d at 939.

Mr. Black asserts he has been unsuccessful in recruiting counsel on his own. He has contacted five legal organizations or law firms to assist him with his case. The Court considers this a reasonable attempt but directs Mr. Black to continue his efforts in recruiting pro bono counsel on his own.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze Mr. Black's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help Mr. Black's case, but whether, given the difficulty of the case, his personal abilities are such that he is competent to litigate it himself. *McCaa*, 893 F.3d at 1033.

Mr. Black seeks to prove that his medical providers have been deliberately indifferent to his back pain by refusing to refer him to a specialist and not providing appropriate pain medication. Mr. Black completed the 11th grade and is working towards obtaining a GED. Although he alleges that his anxiety and depression make litigating his case difficult, he is able to write without difficulty and has been able to coherently describe his claims. Based on Mr. Black's comprehensible filings, his use of the court's processes, and his familiarity with the factual circumstances surrounding his legal claims, the Court concludes he is competent to litigate on his own.

Based on the foregoing, Mr. Black's motion for appointment of counsel, dkt. [7], is **denied**. The Court will, however, be alert to the possibility of recruiting representation for Mr. Black at

trial or at other points in the case where his incarceration and pro se status would make it particularly difficult for him to proceed without representation.

**SO ORDERED.**

Date: 12/20/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RICK ALLEN BLACK
267148
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com