UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICK ALLEN BLACK, | ) |
|       Plaintiff, | ) ) ) |
|       v. | )   No. 1:19-cv-02207-JPH-MJD ) |
| WEXFORD OF INDIANA LLC, et al. | ) ) |
|       Defendants. | ) |

**Order Extending Deadlines and Denying Motion for Counsel and Motion to Reconsider**

The Court addresses Plaintiff Rick Allen Black's three pending motions.

**I.**

Mr. Black's motion for an extension of time to conduct discovery, dkt. [54], is **granted**. The discovery deadline is **extended through May 1, 2020**, and the dispositive motion deadline is **extended through June 1, 2020**, for all parties.

**II.**

Mr. Black's motion to reconsider the Court's denial of his motion to depose the defendants, dkt. [53], is **denied** to the extent that the Court cannot pay the costs associated with the depositions. As the Court explained in its order, dkt. 50, there are no public funds with which to subsidize the costs of depositions. Mr. Black is free, however, to notice and take the depositions as authorized by the Federal Rules of Civil Procedure.

**III.**

The Court has considered Mr. Black's renewed motion for counsel, dkt. [51]. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the

authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"Two questions guide [this] court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Walker*, 900 F.3d at 938 (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). These questions require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *Pruitt*, 503 F.3d at 655-56.

Mr. Black has been unsuccessful in recruiting counsel on his own. He has contacted more than twenty attorneys to assist him with his case. The Court considers this a reasonable attempt but directs Mr. Black to continue his efforts in recruiting pro bono counsel on his own.

Next, the Court must analyze Mr. Black's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help Mr. Black's case, but whether, given the difficulty of the case, his personal abilities are such that he is competent to litigate it himself. *McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018).

Mr. Black alleges Eighth Amendment violations for the treatment of his scoliosis and back pain. The overall factual allegations and legal claims regarding the defendants are straightforward.

Mr. Black passed his TASC[1] while in prison, and he has filed cogent pleadings. Another inmate assisted Mr. Black with discovery requests, but he has otherwise handled his case on his own. Mr. Black says that he has anxiety and depression which make it difficult to work under pressure, but time-related pressure can be handled through deadline extensions such as the one sought and granted above. Based on Mr. Black's filings, his use of the Court's processes, and his familiarity with the factual circumstances surrounding his legal claims, the Court concludes he is competent to litigate on his own.

Based on the foregoing, Mr. Black's renewed motion for the appointment of counsel, dkt. [51], is **denied**. The Court will, however, be alert to the possibility of recruiting representation for Mr. Black at trial or at other points in the case where his incarceration and *pro se* status would make it particularly difficult for him to proceed without representation.

**SO ORDERED.**

Date: 4/7/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

---

[1] "TASC" stands for Test Assessing Secondary Completion. It is a national high school equivalency assessment available to inmates at the Indiana Department of Correction. *See* "Indiana Department of Correction—Education," at https://www.in.gov/idoc/2799.htm (last accessed Mar. 18, 2020).

Distribution:

RICK ALLEN BLACK
267148
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com