UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICK ALLEN BLACK,                      )
                                       )
            Plaintiff,                 )
                                       )
      v.                               )        No. 1:19-cv-02207-JPH-MJD
                                       )
WEXFORD OF INDIANA LLC, et al.,        )
                                       )
            Defendants.                )

**Order Denying Motion for Preliminary Injunction and Motion to Strike Response and
Granting Motion for Status Update and Motion for Receipt**

Rick Allen Black alleges that the defendants have been deliberately indifferent to his
serious medical needs in their treatment of Mr. Black's scoliosis. In this order, the Court addresses
Mr. Black's "Order to show cause, and Motion for Temporary Restraining Order", dkt. [60],
construed as a motion for preliminary injunction, and other related motions.

## I.      Motion for Preliminary Injunction

### A.  Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter
v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "To obtain a preliminary injunction, a
plaintiff must establish that [he] has some likelihood of success on the merits; that [he] has no
adequate remedy at law; that without relief [he] will suffer irreparable harm." *GEFT Outdoors,
LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (citation and quotation marks omitted);
*see Winter*, 555 U.S. at 20. "If the plaintiff fails to meet any of these threshold requirements, the
court must deny the injunction." *GEFT Outdoors*, 922 F.3d at 364 (citation and quotation marks
omitted).

If the plaintiff passes the threshold requirements, "the court must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction, and consider whether an injunction is in the public interest." *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). The Seventh Circuit "'employs a sliding scale approach' for this balancing: if a plaintiff is more likely to win, the balance of harms can weigh less heavily in its favor, but the less likely a plaintiff is to win the more that balance would need to weigh in [his] favor." *GEFT Outdoors*, 922 F.3d at 364 (quoting *Planned Parenthood*, 896 F.3d at 816).

**B. Factual Background**

Mr. Black is incarcerated at Plainfield Correctional Facility. He suffers from several chronic spine issues: scoliosis, exaggerated kyphosis, lordosis, and moderate to severe levoscoliosis of the lumbar spine. Dkt. 62 at ¶ 2.

On May 23, 2018, Mr. Black went to Terre Haute Regional Hospital for an MRI. Dkt. 60-1 at 2–3. On June 11, 2018, Mr. Black was seen by neurosurgeon Dr. David Stockwell. Based on the MRI, Dr. Stockwell recommended physical therapy and Gabapentin and follow-up x-rays in six months to ensure the curve in his spine was not progressive. *Id.* at 10, 16.

Mr. Black has been treated with a variety of medications, including Cymbalta, Pamelor, and Mobic, prescribed by the defendants, and Tylenol and Ibuprofen, which he regularly buys from commissary. Dkt. 63-3 at 14, 30–32. Prison medical staff would not prescribe Gabapentin, which is often abused in prisons, because Mr. Black has a history of substance abuse. Dkt. 63-3 at 37.

## C.  Discussion

Mr. Black asks the Court to enter an order requiring the prison medical staff to give him Gabapentin to treat his scoliosis and an MRI to monitor its progression in compliance with Dr. Stockwell's recommendation. He alleges that he is in constant pain. Mr. Black has failed to establish his right to injunctive relief.  He has not shown that he is likely to succeed on the merits of his claims, that he will suffer irreparable harm if immediate relief is not granted, or that his legal remedies are inadequate.

### 1. Likelihood of Success on the Merits

To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Pittman ex rel. Hamilton v. County of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014). The defendants do not dispute that Mr. Black's scoliosis is a serious medical condition.

A prisoner may show deliberate indifference by establishing that his medical providers have chosen "an 'easier and less efficacious treatment' without exercising professional judgment." *Petties v. Carter*, 836 F.3d 722, 730 (7th Cir. 2016) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 n.10 (1976)). However, prisoners cannot dictate their care, *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017), and disagreements between a prisoner and his medical provider, or even amongst medical providers, alone does not establish an Eighth Amendment violation. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). A plaintiff may be able to "establish a departure from minimally

competent medical judgment where a prison official persists in a court of treatment known to be ineffective." *Petties v. Carter*, 836 F.3d 722, 729–30 (7th Cir. 2016).

Here, Mr. Black has not established a likelihood of success on the merits. Mr. Black was seen by a specialist who recommended the following treatment plan: physical therapy, Gabapentin, and follow-up x-rays. Dkt. 60-1 at 10. "Failing to follow instructions received from outside experts can amount to deliberate indifference." *Harper v. Santos*, 847 F.3d 923, 927 (7th Cir. 2017). But the defendants have complied with most of the specialist's recommendations. Mr. Black has received physical therapy, which has provided some relief. Dkt. 63-3 at 39–40. The medical providers at PCF conducted a follow-up x-ray on May 3, 2019, which did not reveal any significant changes. Dkt. 63-2 at 1; dkt. 63-3 at 43. And although Mr. Black argues that the defendants failed to comply with the specialist's recommendation by ordering an x-ray rather than an MRI, the notes from the visit with the specialist specifically call for an x-ray. Dkt. 60-1 at 10. Thus, the only deviation from the specialist's treatment plan was the defendants' refusal to prescribe Gabapentin. But Mr. Black admitted that it was reasonable not to prescribe him Gabapentin on account of his history of drug abuse. Dkt. 63-3 at 37–38. Because Mr. Black's medical providers must balance his pain management with his history of drug addiction, the Court will not second-guess this treatment decision. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir 2019); s*ee also Gaines v. Corizon Health*, No. 2:16-cv-243-JMS-MJD, 2017 WL 2797720, (S.D. Ind. June 26, 2018) (holding discontinuation of Neurontin not unreasonable where plaintiff had refused blood draw to measure levels of Neurontin in system and plaintiff had documented history of drug abuse while in prison). Further, Mr. Black has been treated with a variety of other pain medication, and his medical providers have adjusted the medication based on his feedback. Dkt. 63-3 at 51–56.

### 2. Irreparable Harm

"[H]arm is considered irreparable if it cannot be prevented or fully rectified by the final judgment after trial." *Whitaker by Whitaker v. Kenosha Unified School District No. 1 Board of Education*, 858 F.3d 1034, 1045 (7th Cir. 2017) (internal citations omitted). Mr. Black has failed to establish that he is at risk of suffering irreparable harm if his injunctive relief is not granted. Both his and the defendants' exhibits demonstrate that the defendants have been treating Mr. Black's scoliosis.

### 3. Inadequate Legal Remedies

"The moving party must also demonstrate that he has no adequate remedy at law should the preliminary injunction not issue." *Whitaker*, 858 F.3d at 1046. "This does not require that he demonstrate that the remedy be wholly ineffectual." *Id*. (citing *Foodcomm Int'l v. Barry*, 328 F.3d 300, 304 (7th Cir. 2003)). "Rather, he must demonstrate that any award would be seriously deficient as compared to the harm suffered." *Id*. (quoting *Foodcomm*, 328 F.3d at 304). For the same reasons Mr. Black has failed to show irreparable harm, he has also failed to show that available legal remedies are inadequate.

Because Mr. Black did not show, as a threshold matter, that he is entitled to a preliminary injunction, the Court denies Mr. Black's motion for preliminary injunction, dkt. [60].

### II.     Other Pending Motions

The defendants' motion to strike Mr. Black's reply as untimely, dkt. [69], is **denied**. The defendants filed their response on June 23, 2020, making Mr. Black's reply due on June 30, 2020. The envelope containing Mr. Black's reply indicates he submitted it on July 2, 2020. Dkt. 67-1. It was post-marked on July 6, 2020, but did not arrive to the court until August 17, 2020. *Id*. The "prison mailbox rule" requires this Court to deem a prisoner's filing as "filed at the moment the

prisoner places it in the prison mail system, rather than when it reaches the court clerk." *Taylor v. Brown*, 787 F.3d 851, 858-59 (7th Cir. 2015). Mr. Black's reply was therefore only two days late rather than nearly two months late. While it is "well established that pro se litigants are not excused from compliance with procedural rules," *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008), whether the Court holds pro se litigants to the consequences of violating the Court's Local Rules is a matter of discretion. *Gray v. Hardy*, 826 F.3d 1000, 1004-05 (7th Cir. 2016) (holding that district courts are not required to hold *pro se* litigants to the potential consequences of their failure to comply with the Local Rules and can instead take "a more flexible approach," including by ignoring the deficiencies in their filings and considering the evidence they submit). Because Mr. Black is proceeding *pro se* and has generally adhered to the Court's pretrial schedule, the Court in its discretion reviewed and considered Mr. Black's response.

Mr. Black's motion for status on his pending motion for summary judgment, dkt. [90], asking if the Court has ruled on the parties' motions for summary judgment, is **granted**. The Court has not yet ruled on the motions.

Mr. Black's motion for receipt of correspondence regarding current treatment plan provided by defendants, dkt. [91], is **granted to the extent** that the Court has filed his letter as an exhibit. The Court takes no further action with respect to the letter.

### III.    Conclusion

For the foregoing reasons, Mr. Black's motion for preliminary injunction, dkt. [60], is **denied**. The defendants' motion to strike Mr. Black's response, dkt. [69], is **denied**. Mr. Black's motion for status on his motion for summary judgment, dkt. [90], and motion for receipt, dkt. [91], are **granted**.

**SO ORDERED.**

Date: 1/13/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

6

Distribution:

RICK ALLEN BLACK
267148
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ  KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Angela Marie Rinehart
KATZ  KORIN CUNNINGHAM, P.C.
arinehart@kkclegal.com